**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF JUSTICE, ) <br> ) <br> Defendant. ) <br> ) | No. 06-CV-1773 (RBW) |

## ANSWER

### FIRST AFFIRMATIVE DEFENSE

Defendant has no record of having received the request described in paragraph 11 of Plaintiff's complaint.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust administrative remedies.

### THIRD DEFENSE

Defendant answers the numbered paragraphs of plaintiff's complaint as follows:

1. This paragraph contains plaintiff's characterization of this lawsuit, not allegations of fact, and thus no response is required. To the extent a response is required, defendant admits that plaintiff filed this action for injunctive and other relief pursuant to the Freedom of Information Act ("FOIA").

2. This paragraph contains conclusions of law and plaintiff's characterizations of various provisions of the United States Code, not allegations of fact, and thus no response is required.

  3. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

  4. Admit.

  5. Admit.

  6. Admit.

  7. The first sentence contains a statement of plaintiff's opinion, not fact, so no response is required. Defendant admits the allegation contained in the second, third, and fourth sentences.

  8. Admitted only to the extent that Defendant has not published a notice of the existence and character of the system of records pertaining to the IDW. To the extent that this paragraph states a conclusion of law based on plaintiff's interpretation of a federal statute, no response is required.

  9. Admitted only to the extent that Defendant has not filed a standard form (SF) 115 "Request for Records Disposition Authority" or otherwise made submissions to the Archivist of the United States pertaining to the IDW. To the extent that this paragraph states a conclusion of law based on plaintiff's interpretation of a federal statute, no response is required.

  10. Admitted only to the extent that Defendant has not made publicly available a privacy impact statement pertaining to the IDW. To the extent that this paragraph states a conclusion of law based on plaintiff's interpretation of a federal statute, no response is required.

  11. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

  12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

13. Admit.

14. Admit. The FBI acknowledged receipt of plaintiff's letter by letter dated September 21, 2006.

15. Admit.

16. This paragraph contains a conclusion of law and thus no response is required.

17. This paragraph contains a conclusion of law and thus no response is required.

18. This paragraph contains a conclusion of law and thus no response is required. To the extent a response is required, defendant denies it has wrongfully withheld records from plaintiff.

19. Defendant repeats and realleges the responses contained in paragraphs 1–18 inclusive.

20. This paragraph contains a conclusion of law and thus no response is required. To the extent a response is required, this paragraph is denied.

21. This paragraph contains a conclusion of law and thus no response is required. To the extent a response is required, this paragraph is denied.

22. This paragraph contains a conclusion of law and thus no response is required. To the extent a response is required, this paragraph is denied.

The remaining paragraphs of the Complaint contain plaintiff's requested relief, to which no response is required. To the extent a response is deemed necessary, defendant denies the allegations contained in the remaining paragraphs of the Complaint and further avers that plaintiff is not entitled to any relief. Any allegation not specifically addressed is denied.

WHEREFORE, defendant respectfully requests that the Court enter judgment dismissing this action with prejudice and awarding defendant costs and such other relief as the Court may

deem appropriate.

Respectfully submitted this 24th day of November 2006.

                                                PETER D. KEISLER
                                                Assistant Attorney General

                                                ELIZABETH J. SHAPIRO
                                                Assistant Branch Director

                                                _____/s/_JAMES C. LUH_____
                                                JAMES C. LUH
                                                Trial Attorney
                                                United States Department of Justice
                                                Civil Division, Federal Programs Branch
                                                20 Massachusetts Ave., N.W.
                                                Washington, DC  20530
                                                Tel: (202) 514-4938
                                                Fax: (202) 616-8460