**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-1773-RBW |
| | ) |
| **DEPARTMENT OF JUSTICE,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Pursuant to Fed. R. Civ. P. 65, plaintiff Electronic Frontier Foundation respectfully moves for entry of a preliminary injunction to enjoin defendant Department of Justice's unlawful attempts to impede plaintiff's efforts to expeditiously obtain agency records concerning a massive Federal Bureau of Investigation database containing millions of pieces of personal information about individuals.  Plaintiff seeks an order requiring defendant to expedite the processing of plaintiff's Freedom of Information Acts request to the Bureau; to begin disclosing non-exempt, responsive records within 20 days; and to continue disclosing such material on a monthly basis thereafter.

The grounds for this motion are set forth in the accompanying memorandum of points and authorities.  Counsel for defendant DOJ has represented that the government will oppose this motion.  Plaintiff asks that the Court, pursuant to Local Rule 65.1(d), schedule a hearing on this application for a preliminary injunction at the Court's earliest convenience.

Respectfully submitted,


   _/s/ David L. Sobel_____
DAVID L. SOBEL
D.C. Bar No. 360418

MARCIA HOFMANN
D.C. Bar No. 484136

ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Avenue NW
Suite 650
Washington, DC 20009
(202) 797-9009

Counsel for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-1773-RBW |
| | ) |
| **DEPARTMENT OF JUSTICE,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR A PRELIMINARY INJUNCTION**

Plaintiff Electronic Frontier Foundation ("EFF or plaintiff") respectfully submits this memorandum of points and authorities in support of its motion for a preliminary injunction.

**BACKGROUND**

Plaintiff initiated this action to challenge the failure of the Federal Bureau of Investigation ("FBI") to timely process two requests EFF submitted under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. EFF's requests sought the disclosure of information concerning the FBI's Investigative Data Warehouse, a huge database that contains hundreds of millions of records with personal information. Notwithstanding the significant public interest in the prompt disclosure of the requested information, defendant Department of Justice ("DOJ") on April 2, 2007, moved for a stay of proceedings for 71 months – until February 2013 – to allow the FBI to complete its processing of the FOIA requests. *See* Memorandum of Points and Authorities in Support of *Open America* Stay ("Def. Mem.").

On April 6, 2007, plaintiff submitted to DOJ a formal request to expedite the processing of its pending FOIA requests, citing a recent report issued by the Department's Inspector General concerning the FBI's acquisition and handling of personal information, and the resulting news media attention devoted to the issue. *See* Plaintiff's Opposition to Defendant's Motion for Open America Stay at 4-7; Exhibit 1 (attached thereto). In its reply in support of its stay motion, DOJ asserted that "EFF is not entitled to expedited processing in this case . . . with respect to the Investigative Data Warehouse . . . ." Defendant's Reply Memorandum in Support of *Open America* Stay at 11.

Defendant DOJ recently reversed its position with respect to EFF's entitlement to expedited processing of the FOIA requests at issue in this action. By letter to EFF dated August 3, 2007, the agency stated, in pertinent part,

> This letter is in response to your request to the U.S. Department of Justice ("DOJ"), Office of Public Affairs ("OPA"), for expedition of your Freedom of Information Act ("FOIA") request to FBI Headquarters ("FBIHQ") for specific records concerning the FBI's Investigative Data Warehouse ("IDW"). . . .
>
> The EFF requested that OPA grant expedited treatment for the processing of this FOIA request concerning the IDW pursuant to 28 C.F.R. § 16.5(d)(1)(iv) inasmuch as the IDW is "(a) matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affects public confidence." We have been advised that *the Director of OPA has concluded that the subject matter of your FOIA request meets this criteria and therefore your request for expedited processing should be granted*.

Letter from David M. Hardy, Chief, Records/Information Dissemination Section, Records Management Division, FBI to David L. Sobel, EFF Senior Counsel, August 3, 2007 (attached hereto as Exhibit A) at 1 (emphasis added).

2

Despite its recent acknowledgement that the requested agency records fit squarely within the narrow category for which the agency has established a right to expedited processing, defendant DOJ apparently continues to maintain that it is entitled to a stay of proceedings in this case until February 28, 2013. Def. Mem. at 29. In violation of the FOIA and its own regulations, defendant DOJ has failed to process plaintiff's request even within the statutory time frame for a standard request that is not entitled to expedited treatment. *See* 5 U.S.C. § 552(a)(6)(A) (20-working-day deadline for the processing of *any* FOIA request). DOJ's failure to expedite the processing of EFF's request clearly violates the law. Because time is at the essence of plaintiff's rights and defendant DOJ's obligations, plaintiff seeks the Court's expedited consideration of this matter and entry of an order compelling DOJ to process and disclose the requested records on an expedited schedule.

## ARGUMENT

The issue raised in this motion is simple and straightforward. Although defendant DOJ has acknowledged plaintiff's legal entitlement to expedited processing, the agency has failed to comply with not only the FOIA's provisions for expedited processing, but also the statute's mandated time frame of 20 working days for responding to a standard, non-expedited request. The agency's failure to process plaintiff's requests constitutes a continuing impediment to EFF's (and the public's) ability to examine the FBI's collection and handling of massive quantities of personal information. The agency's action is clearly unlawful and should be enjoined.

I.     **The Court has Jurisdiction to Grant the Requested Relief**

The Court's jurisdiction to consider this matter and grant appropriate relief is

clear.  The FOIA provides, in pertinent part:

> On complaint, the district court of the United States . . . in the District of
> Columbia, has jurisdiction to enjoin the agency from withholding agency
> records and to order the production of any agency records improperly
> withheld from the complainant.  In such a case the court shall determine
> the matter de novo . . . .

5 U.S.C. § 552(a)(4)(B).  *See Al-Fayed v. CIA*, 254 F.3d 300, 304 (D.C. Cir. 2001).  The

statute further provides that

> [a]ny person making a request to any agency for records . . . shall be
> deemed to have exhausted his administrative remedies with respect to such
> request if the agency fails to comply with the applicable time limit
> provisions of this paragraph.

5 U.S.C. § 552(a)(6)(C).  *See Oglesby v. Dep't of the Army*, 920 F.2d 57, 62 (D.C. Cir.

1990) ("If the agency has not responded within the statutory time limits, then . . . the

requester may bring suit.").

Here, notwithstanding the DOJ's recent agreement to "expedite" plaintiff's

request, the FBI has failed to respond within the generally applicable 20-working-day

time limit established by 5 U.S.C. § 552(a)(6)(A).  Plaintiff's claim is thus ripe for

adjudication, as all applicable administrative remedies have been exhausted.

II.     **Plaintiff is Entitled to Entry of a Preliminary Injunction**

In considering plaintiff's request for the entry of a preliminary injunction

compelling the FBI to expeditiously complete the processing of plaintiff's FOIA request,

the Court must assess "[t]he familiar factors affecting the grant of preliminary injunctive

relief — 1) likelihood of success on the merits, 2) irreparable injury to the plaintiff, 3)

burden on . . . others' interests, and 4) the public interest."  *Mova Pharm. Corp. v.*

4

*Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995); *Jacksonville Port Auth. v. Adams*, 556 F.2d 52, 57 (D.C. Cir. 1977) (citing *Virginia Petroleum Jobbers Ass'n v. FPC*, 259 F.2d 921, 925 (D.C. Cir. 1958); *see also Electronic Privacy Information Center v. Dep't of Justice*, 416 F. Supp. 2d 30, 35-36 (D.D.C. 2006); *Bancoult v. McNamara*, 227 F. Supp. 2d 144, 140 (D.D.C. 2002). These factors are measured "on a sliding scale and must be balanced against each other." *Electronic Privacy Information Center*, 416 F. Supp. 2d at 36 (quoting *Serono Lab, Inc. v. Shalala*, 158 F.3d 1313, 1318 (D.C. Cir. 1998). The Court's consideration of these factors in this case firmly establishes plaintiff's entitlement to injunctive relief.

### A.    Plaintiff is Likely to Prevail on the Merits

Given the clarity of plaintiff's entitlement to the expedited processing of its request, plaintiff's likelihood of prevailing on the merits is extremely high. In assessing plaintiff's likelihood of success, the Court must consider one discrete issue: whether defendant has processed EFF's FOIA request in an expedited manner within the time frame provided in the FOIA and DOJ regulations. Plaintiff is likely to prevail on this issue.

According to the FOIA and DOJ regulations, the agency is generally required to "determine within 20 days (except Saturdays, Sundays, and legal public holidays) after the receipt of . . . [a] request whether to comply with such request and shall immediately notify the person making such request of such determination[.]" 5 U.S.C. § 552(a)(6)(A)(i); *see also* 28 C.F.R. § 16.6(b). If the agency grants expedited treatment, it is obligated to process the request "as soon as practicable." 5 U.S.C. § 552(a)(6)(E)(iii); 28

C.F.R. § 16.5(d)(4).  This Court has determined that "the phrase 'as soon as practicable,'
in the context of a provision of FOIA allowing for *expedited* processing, cannot be
interpreted to impose a lower burden on the agency than would otherwise exist."
*Electronic Privacy Information Center*, 416 F. Supp. 2d at 39 (emphasis in original).
Therefore, an agency is presumed to have violated the "expedited processing" provisions
of the FOIA when it fails to comply with the generally applicable 20-working-day
deadline imposed by the FOIA for processing a non-expedited request.  *Id.*  Once the 20-
working-day deadline has passed, the agency bears the burden of proving that it is in fact
processing the expedited request "as soon as practicable."  *Id.* n.8.

Here, defendant DOJ determined that plaintiff's request was entitled to expedited
processing.  Exhibit A ("We have been advised that the Director of [the Office of Public
Affairs] has concluded that the subject matter of your request [is a 'matter of widespread
and exceptional media interest in which there exists possible questions about the
government's integrity which affects public confidence'] and therefore your request for
expedited processing should be granted.").[1]  There is no indication in the record,
however, that the FBI has done anything more than pay lip service to plaintiff's
entitlement to expedition.   In fact, the only firm statement that the Bureau has made with
respect to the anticipated timing of its response to EFF's FOIA request is contained in its
pending motion for an *Open America* stay – the agency maintains that it will be unable to

---

[1] The FBI's letter to EFF states that the agency determined that plaintiff is entitled to
expedited processing under a standard unique to DOJ, which requires expedition for
requests that involve a "matter of widespread and exceptional media interest in which
there exist possible questions about the government's integrity which affect public
confidence."  28 C.F.R. § 16.5(d)(1)(iv).   Determinations of eligibility under this
standard are made by DOJ's Office of Public Affairs ("OPA").  *Id.* § 16.5(d)(2).

account for its disposition of responsive records until February 2013.

Although it is undisputed that plaintiff's request is legally entitled to expedited treatment, the FBI has failed to comply with the 20-day time frame required by the FOIA and DOJ regulations for issuing a determination on a *standard* FOIA request. Therefore, plaintiff is entitled to the immediate processing and release of the requested records.

**B.    Plaintiff Will Suffer Irreparable Injury in the Absence of the Requested Injunctive Relief**

Unless DOJ's unlawful failure to comply with its obligation to expedite the processing of EFF's FOIA request is immediately enjoined, plaintiff will suffer irreparable harm.[2] The very nature of the right that plaintiff seeks to vindicate in this action — expedited processing — depends upon timeliness, since "stale information is of little value." *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988); *Electronic Privacy Information Center*, 416 F. Supp. 2d at 40-41. This Court has recognized that the requisite injury is present, and preliminary injunctive relief is appropriate, in cases expedited FOIA processing is at issue and where time thus is of the essence, because delay "constitutes a cognizable harm." *Electronic Privacy Information*

---

[2] Given the strength of plaintiff's position on the merits, even "a relatively slight showing of irreparable injury" is adequate to justify the issuance of a preliminary injunction. As the D.C. Circuit has held:

> The test is a flexible one. "If the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak." We have often recognized that injunctive relief may be justified, for example, "where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury."

*CSX Transportation, Inc. v. Williams*, 406 F.3d 667, 670 (D.C. Cir. 2005), quoting *CityFed Financial Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995). Nonetheless, plaintiff's showing of harm here is substantial.

7

*Center*, 416 F. Supp. 2d at 40.  *See also, e.g.*, *United States v. BNS, Inc.*, 858 F.2d 456,

465 (9th Cir. 1988); *Martin-Marietta Corp. v. Bendix Corp.*, 690 F.2d 558, 568 (6th Cir.

1982).  Under the statutory scheme Congress established in the FOIA, it is clear that

timing is critical and that any further delay in the processing of plaintiff's request will

cause irreparable injury. Unless defendant DOJ is ordered to process Plaintiff's request

immediately, plaintiff's right to expedition under the FOIA will be irretrievably lost.

In addition to the loss of its clearly established statutory right, any further delay in

the processing of plaintiff's FOIA request will irreparably harm plaintiff's ability, and

that of the public, to obtain in a timely fashion information vital to the current and

ongoing debate surrounding the FBI's collection and use of large amounts of personal

information.  As defendant DOJ has acknowledged, that debate has already garnered

extraordinary media interest.  *See* Exhibit A (IDW is "a matter of widespread and

exceptional media interest").  It also has been the subject of testimony in several hearings

before congressional committees.[3]  In such circumstances, this Court has held, "the

public interest is particularly well-served by the timely release of the requested

documents."  *Electronic Privacy Information Center*, 416 F. Supp. 2d at 42.

Furthermore, legislation introduced in response to the DOJ Inspector General's findings

with respect to the use of national security letters ("NSLs") has placed the issue of FBI

---

[3] *See*, *e.g.*, Statement of Robert S. Mueller, III, Director, Federal Bureau of Investigation, Before the Senate Committee on the Judiciary (May 2, 2006); *National Security Letters: Hearing of the H. Select Comm. on Intelligence*, 110th Cong. (March 28, 2007); *Oversight of the Federal Bureau of Investigation: Hearing of the S. Comm. on the Judiciary*, 110th Cong. (March 27, 2007); *Misuse of PATRIOT Act Powers: The Inspector General's Findings of Improper Use of National Security Letters by the FBI: Hearing of S. Comm. on the Judiciary*, 110th Cong. (March 21, 2007); *The Inspector General's Independent Report on the Federal Bureau of Investigation's Use of National Security Letters: Hearing of the H. Comm. on the Judiciary*, 110th Cong. (March 20, 2007).

data acquisition and retention before the House of Representatives.  H.R. 1739, 110th

Cong. (introduced March 28, 2007); see also H.R. 3189, 110th Cong. (introduced July 26,

2007).  This Court has found that the existence of pending legislation related to the

subject of a FOIA request weighs in favor of a grant of expedited processing.  *Leadership*

*Conference on Civil Rights v. Gonzales*, 404 F. Supp. 2d 246, 260 (D.D.C. 2005);

*American Civil Liberties Union v. Dep't of Justice*, 321 F. Supp. 2d 24, 31 (D.D.C. 2004)

("*American Civil Liberties Union v. Dep't of Justice II*").

Furthermore, if there is to be a meaningful public debate on this issue, the

examination "cannot be based solely upon information that the Administration

voluntarily chooses to disseminate." *Electronic Privacy Information Center*, 416 F. Supp.

2d at 41 n.9.  Indeed, the public oversight mechanism provided by the FOIA is central to

open and democratic debate on critical policy issues such as the FBI's data acquisition

and retention policies.  As the Supreme Court has observed, the Act is "a means for

citizens to know 'what the Government is up to.'  This phrase should not be dismissed as

a convenient formalism.  *It defines a structural necessity in a real democracy*."  *Nat'l*

*Archives & Records Admin. v. Favish*, 541 U.S. 157, 171-172 (2004) (emphasis added;

citation omitted).  As this Court has noted, "Not only is public awareness a necessity, but

so too is *timely* public awareness." *Electronic Privacy Information Center*, 416 F. Supp.

2d at 40 (emphasis in original).

It is clear that the information plaintiff seeks, if it is to contribute to the public

debate on the FBI's data collection practices, must be disclosed expeditiously. Because

time is of the essence in this matter, plaintiff will be irreparably harmed unless the Court

acts now, "when it [is] still possible to grant effective relief," and before "all opportunity

9

to grant the requested relief [is] foreclosed*." Local Lodge No. 1266, Int'l Ass'n of Machinists and Aerospace Workers v. Panoramic Corp.*, 668 F.2d 276, 290 (7th Cir. 1981).[4]

## C.    Injunctive Relief Will Not Burden Others' Interests

Defendant DOJ cannot be said to be "burdened" by a requirement that it comply with the law.  The immediate relief plaintiff seeks will require nothing more of the government than what the law already mandates — the expedited processing of plaintiff's FOIA request.  Nor will the requested relief burden the interests of other parties who have submitted FOIA requests to the DOJ in any manner beyond that foreseen by Congress.  In providing for expedited processing of qualifying requests, Congress intended that such requests would take precedence over those that do not qualify for such treatment. Fulfillment of the legislative intent cannot be characterized as a burden on any party's interests.

## D.    The Public Interest Favors the Requested Relief

The final criterion for the issuance of a preliminary injunction is also satisfied in this case.  The D.C. Circuit has long recognized that "there is an overriding public interest . . . in the general importance of an agency's faithful adherence to its statutory mandate." *Jacksonville Port Authr.*, 556 F.2d at 59 (D.C. Cir. 1977); *Electronic Privacy Information Center*, 416 F. Supp. 2d  42.  Likewise, it is "axiomatic that an 'agency is required to follow its own regulations.'"  *Edmonds v. FBI*, No. 02-1294, 2002 U.S. Dist.

---

[4]  This Court has recognized that delay in the processing of FOIA requests "may well result in disclosing the relevant documents after the need for them in the formulation of national . . .  policy has been overtaken by events." *Natural Resources Defense Council v. Dep't of Energy,* 191 F. Supp. 2d 41, 43 (D.D.C. 2002) *("NRDC")* (granting motion for release of documents).

LEXIS 26578, at *9 n.3, 2002 WL 32539613, at *3 n.3 (D.D.C. Dec. 3, 2002) (quoting

*Cherokee National of Okla. v. Babbitt*, 117 F.3d 1489, 1499 (D.C. Cir. 1997)).

Such adherence is all that plaintiff seeks here. The public interest will also be

served by the expedited release of the requested records, which will further the FOIA's

core purpose of "shedding light on an agency's performance of its statutory duties."

*Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 773

(1989). As this Court has noted, "[t]here is public benefit in the release of information

that adds to citizens' knowledge" of government activities. *Ctr. to Prevent Handgun*

*Violence v. Dep't of the Treasury*, 49 F. Supp. 2d 3, 5 (D.D.C. 1999). The public interest

favors the issuance of an order directing defendant DOJ to immediately process and

release the requested information.

### III.    The Court Should Order Defendant DOJ to Process Plaintiff's FOIA Request Immediately

While plaintiff recognizes that preliminary injunctive relief is not the norm in

FOIA cases, plaintiff nonetheless submits that such relief is appropriate when, as in this

case, an agency has "granted" — but failed to implement — a well-founded request for

expedited processing. *Electronic Privacy Information Center*, 416 F. Supp. at 35 n.4

("the court may use its equitable power to prevent agency delay, even when exercise of

such authority is preliminary in nature."). As this Court recently noted, "where a plaintiff

contends in good faith that an agency has failed to expedite a FOIA request in accordance

with statute or regulation . . . the availability of an order that effectively is an injunction,

preliminary or otherwise, should not be foreclosed." *Electronic Frontier Foundation v.*

*Dep't of Justice*, C.A. No. 07-0656 (JDB) (D.D.C. June 15, 2007) (order granting in part

and denying in part motion for preliminary injunction), attached hereto as Exhibit B, at 4.

Congress expressly required agencies to make determinations on requests for expedited processing within 10 calendar days, 5 U.S.C. § 552(a)(6)(E)(ii)(I), and provided for immediate judicial review of adverse determinations, 5 U.S.C. § 552(a)(6)(E)(iii), demonstrating an intent that the courts should act quickly to vindicate the right to expedition. *See, e.g., American Civil Liberties Union v. Dep't of Justice II*, 321 F. Supp. 2d at 28-29 (complete exhaustion of administrative remedies not a prerequisite to judicial review of agency expedition decisions). Congress's mandate that disputes concerning expedited processing should be quickly resolved would be frustrated if aggrieved requesters were required to remain idle for 20 days after initiating suit before moving for partial summary judgment. Fed. R. Civ. P. 56(a). As such, claims involving entitlement to expedited processing are appropriately addressed through motions for preliminary relief. *Electronic Privacy Information Center*, 416 F. Supp. at 35. *See also Aguilera v. FBI*, 941 F. Supp. 144, 152-153 (D.D.C. 1996) (granting preliminary injunction FOIA lawsuit for expedited processing); *Cleaver v. Kelley*, 427 F. Supp. 80, 81-82 (D.D.C. 1976) (same); *American Civil Liberties Union v. Dep't of Defense*, 339 F. Supp. 2d 501, 503 (S.D.N.Y. 2004) (same).

The appropriate form of relief is clear. The applicable DOJ regulations dictate the manner in which FOIA requests requiring expedition must be processed. The regulations provide that DOJ components "ordinarily shall respond to requests according to their order of receipt," 28 C.F.R. § 16.5(a), but that requests "will be taken out of order and given expedited treatment whenever it is determined that they [meet the criteria for expedited processing]." *Id.* § 16.5(d)(1). "If a request for expedited treatment is granted, the request shall be given priority and shall be processed as soon as practicable." *Id.* §

16.5(d)(4).  Defendant DOJ concedes that Plaintiff's request qualifies for expedited treatment.  Therefore, the Court should order defendant DOJ to complete the processing of plaintiff's FOIA request on a firm and expedited schedule.

In several recent cases, this Court and others have imposed specific processing deadlines on agencies, requiring the prompt delivery of non-exempt records to FOIA requesters.  In *Judicial Watch, Inc. v. Dep't of Energy*, 191 F. Supp. 2d 138 (D.D.C. 2002), the Court ordered the Commerce Department and the Transportation Department to process, respectively, 9000 and 6000 pages of material; to complete the processing within 60 days; and to provide the requester with a *Vaughn* index within 72 days.  *Id.* at 141.  It is worth noting that the FOIA requests at issue in that case were *not* claimed to be entitled to expedited processing.  Similarly, in *NRDC*, the Court ordered the Energy Department to process 7500 pages of material; to complete the processing of the "vast majority" of the material within 32 days; to complete all processing within 48 days; and to provide the requester with a *Vaughn* index within 63 days.  191 F. Supp. 2d at 43-44. Again, the FOIA request in *NRDC*, unlike the requests at issue here, had not been granted expedited treatment.

In *American Civil Liberties Union v. Dep't of Defense*, a case involving an expedited request, the court ordered a variety of agencies to "produce or identify all responsive documents," and to provide the requesters with a *Vaughn* index, within 30 days.  339 F. Supp. 2d at 505.  Furthermore, in *Electronic Privacy Information Center v. Dep't of Justice*, this Court ordered the FBI to "complete the processing of 1500 pages every 15 calendar days, and provide to Plaintiff all responsive non-exempt pages contained therein, until processing is complete," after the agency had granted a request

13

for expedited processing but failed to produce any responsive records. Civ. No. 05-845,

2005 U.S. Dist. LEXIS 40318, at **5-6 (D.D.C. Nov. 16, 2005) *("Electronic Privacy*

*Information Center II").* Likewise, in another case between the same parties, this Court

ordered Defendant to process the plaintiff's request, which had been granted expedited

treatment, within 20 days of the date of the Court's order, and produce a *Vaughn* index

accounting for any withholdings within 10 days thereafter. *Electronic Privacy*

*Information Center,* 416 F. Supp. 2d at 43.

Most recently, in *Electronic Frontier Foundation*, this Court established a

schedule for the expedited processing of FBI documents responsive to plaintiff's related

FOIA request for information concerning the Bureau's use of NSLs. The Court ordered

the agency to begin disclosing non-exempt material on a "rolling basis" within 20 days;

to thereafter process 2500 pages of material (and release non-exempt portions) every 30

days; to make a determination as to the amount of "responsive" material within 56 days;

and to report to the Court on the results of that determination. Exhibit B at 4-5.

Recognizing the substantial public interest in the records at issue here, and in

order to facilitate the informed participation of plaintiff, and the American people, in the

current and ongoing debate over the FBI's acquisition and use of personal data, the Court

should direct defendant DOJ to expedite the processing of plaintiff's request and establish

a schedule similar to the one established for the processing of plaintiff's NSL request.

Specifically, the Court should order the agency to begin disclosing non-exempt material

on a "rolling basis" within 20 days; to thereafter process 2500 pages of material (and

release non-exempt portions) every 30 days; to make a determination as to the amount of

material deemed "responsive" to plaintiff's request within 60 days; and to report to the

14

Court on the results of that determination within 75 days.[5]

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion for a preliminary injunction should be granted.  Plaintiff asks that the Court, pursuant to Local Rule 65.1(d), schedule a hearing on this motion at the Court's earliest convenience.[6]


Respectfully submitted,


*/s/ David L. Sobel*

DAVID L. SOBEL
D.C. Bar No. 360418

MARCIA HOFMANN
D.C. Bar No. 484136

ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Avenue NW
Suite 650
Washington, DC 20009
(202) 797-9009

Counsel for Plaintiff


---

[5] Judicial resolution of the expedited processing issue will not resolve all issues raised in the complaint.  Once the question of processing time is resolved, the Court would retain jurisdiction to review the completeness and propriety of DOJ's substantive determination of plaintiff's FOIA requests.  *See Open America v. Watergate Special Prosecution Force*, 547 F. 2d 605 (D.C. Cir. 1976).

[6] A status hearing in this case is currently scheduled for September 10, 2007.  Plaintiff will be prepared to address the merits of this motion at that time.

# Exhibit A

*Electronic Frontier Foundation v. Department of Justice*, Civ. No. 06-1773-RBW

**Motion for Preliminary Injunction**



**U.S. Department of Justice**

Federal Bureau of Investigation

Washington, D. C. 20535-0001

August 3, 2007

David L. Sobel, Esq.
Senior Counsel
Electronic Frontier Foundation
Suite 650
1875 Connecticut Avenue, NW
Washington, DC    20009

Re: FOIPA Request No. 1058805

Dear Mr. Sobel:

This letter is in response to your request to the
U.S. Department of Justice ("DOJ"), Office of Public Affairs
("OPA"), for expedition of your Freedom of Information Act
("FOIA") request to FBI Headquarters ("FBIHQ") for specific
records concerning the FBI's Investigative Data Warehouse
("IDW"). In your initial FOIA request letter dated August 25,
2006, and your supplemental FOIA request letter dated
September 1, 2006, the Electronic Frontier Foundation ("EFF")
sought access to specific records concerning the categories of
individuals and records included in the IDW; the criteria for
inclusion of information in the IDW; records concerning any FBI
determinations that the IDW is, or is not, subject to the
requirements of the Privacy Act of 1974 and federal records
retention requirements; records concerning data expungement,
restriction or correction procedures for the IDW; all privacy
impact statements created for the IDW; and all results of audits
conducted to ensure proper operation of the IDW.

The EFF requested that OPA grant expedited treatment
for the processing of this FOIA request concerning the IDW
pursuant to 28 C.F.R. § 16.5(d)(1)(iv) inasmuch as the IDW is
"[a] matter of widespread and exceptional media interest in which
there exists possible questions about the government's integrity
which affects public confidence." We have been advised that the
Director of OPA has concluded that the subject matter of your
FOIA request meets this criteria and therefore your request for
expedited processing should be granted.

Please be advised that we have located and are currently processing FBIHQ records which are responsive to your FOIA request for release to you.  In addition, we are continuing our review of the large number of FBIHQ records identified as potentially responsive to your request.  As we process those records determined to be responsive, we will release them to you as soon as practicable.

Sincerely,

David M. Hardy
Section Chief
Record/Information Dissemination
    Section
Records Management Division

2

# Exhibit B

*Electronic Frontier Foundation v. Department of Justice*, Civ. No. 06-1773-RBW

**Motion for Preliminary Injunction**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ELEC. FRONTIER FOUND.,

       **Plaintiff,**

          **v.**                   **Civil Action No.  07-0656 (JDB)**

DEP'T OF JUSTICE,

       **Defendant.**

## ORDER

      Plaintiff Electronic Frontier Foundation ("EFF") seeks a preliminary injunction that would require defendant United States Department of Justice ("DOJ") to process plaintiff's Freedom of Information Act ("FOIA") request within twenty days and provide a <u>Vaughn</u> index ten days later.  The FOIA request, submitted on March 12, 2007, is for records relating to the use of National Security Letters ("NSLs") by the Federal Bureau of Investigation ("FBI").  Expedited processing of the request was sought, <u>see</u> 28 C.F.R. § 16.5(d)(1)(iv), and on March 30, 2007, the FBI informed plaintiff that expedited processing had been granted because of the exceptional media interest involving issues of government integrity relating to a report by the DOJ Inspector General on the FBI's use of NSLs.[*]

      Dissatisfied with the pace of the expedited processing, plaintiff filed this action and its motion for a preliminary injunction on April 10, 2007.  After full briefing of the motion, the

---

[*]Indeed, recent news reports concerning an ongoing internal FBI investigation into NSL abuses confirms that there is a continuing high level of public interest in this issue.  <u>See</u> Pl.'s Suppl. Mem. in Support of Pl.'s Proposal for a FOIA Production Schedule.

Court held a conference with the parties on May 21, 2007, at which it was clear that although there remained some distance between the two sides, DOJ was expediting its processing of this request ahead of all but two other FOIA requests pending at the FBI, and EFF no longer realistically expected the degree of expedition originally sought in its motion for a preliminary injunction.  The Court therefore ordered the parties to meet and confer on scheduling and to submit a joint, if possible, scheduling proposal or, more likely, competing proposals -- which the Court has now received from each side.  The Court now resolves EFF's pending motion and sets a processing schedule in light of the parties' competing proposals.

  1.  Expedited processing is underway at the FBI, based on the statutory directive that agencies must "process <u>as soon as practicable</u> any request for records to which [they have] granted expedited processing."  5 U.S.C. § 552(a)(6)(E)(iii) (emphasis added); <u>see also</u> 28 C.F.R. § 16.5(d)(4) ("If a request for expedited processing is granted, the request shall be given priority and should be processed as soon as practicable.").  The pace and status of that expedited processing of EFF's request is described in two detailed declarations from David M. Hardy, the responsible FOIA official at the FBI.  As he explains, the volume of potentially responsive material is extensive (estimated at well over 100,000 pages), and the FBI's expedited processing is extraordinary (at least ten full-time employees assigned exclusively to this request), but nonetheless the <u>search</u> for records will not even be completed until August 24, 2007.  <u>See</u> Apr. 24, 2007, Decl. of David M. Hardy ¶¶ 26-28; May 25, 2007, Second Decl. of David M. Hardy ¶¶ 7-12.  DOJ therefore proposes a rolling basis for processing under the following schedule: the first response/release 45 days from this scheduling order; further responses/releases at 30-day intervals; 2000 pages processed every 30 days; the search for records completed by August 24,

2007; a report to the Court regarding the completion of processing on August 24, 2007; and a

Vaughn index and briefing schedule delayed until after that time.  See Def.'s Notice of Filing of

Proposed Scheduling Order and Second Decl. of David M. Hardy at 2.  EFF counters with a

somewhat more expedited processing proposal, also on a rolling basis: the first response/release

20 days from this scheduling order; further responses/releases at 15-day intervals; 1500 pages

processed every 15 days; (presumably) a report to the Court when processing is complete; a

Vaughn index 15 days after processing is complete; and DOJ's motion for summary judgment 30

days thereafter.  See Notice of Filing of Pl.'s Proposal for a FOIA Production Schedule at 3-4.

    2.  Some courts have used the preliminary injunction vehicle to order expedition of the

processing of FOIA requests, most often where the agency has denied expedition.  See Elec.

Privacy Info. Ctr. v. Dep't of Justice, 416 F. Supp. 2d 30, 42 (D.D.C. 2006); Am. Civil Liberties

Union v. Dep't of Defense, 339 F. Supp. 2d 501, 503 (S.D.N.Y. 2004); see also, e.g., Aguilera v.

FBI, 941 F. Supp. 144, 152-53 (D.D.C. 1996) (reviewing agency's decision to deny expedition);

Cleaver v. Kelley, 427 F. Supp. 80, 81-82 (D.D.C. 1976) (same).  Other courts have declined to

employ preliminary injunctions, finding them generally inappropriate in FOIA settings.  See

Elec. Privacy Info. Ctr. v. Dep't of Justice, No. 03-cv-2078, slip op. at 1-2 (D.D.C. Oct. 20,

2003), vacated as moot, 2004 WL 2713119 (D.C. Cir. 2004); Judicial Watch v. Dep't of Justice,

No. 00-cv-1396, slip op. at 1-2 (D.D.C. June 27, 2000); see also, e.g., Al-Fayed v. CIA, No. 00-

cv-2092, 2000 WL 34342564, at *6 (D.D.C. Sept. 20, 2000) (denying preliminary injunction

filed after agency denied expedited processing); Assassination Archives & Research Ctr., Inc. v.

CIA, No. 88-cv-2600, 1988 U.S. Dist. LEXIS 18606, at *1 (D.D.C. Sept. 29, 1988) (same).

Certainly, the vehicle of a preliminary injunction motion is an imperfect means to address what

is, in essence, a scheduling issue.  Moreover, the possibility of overuse, or even abuse, of preliminary injunction requests in the FOIA scheduling context is obvious.  Nonetheless, where a plaintiff contends in good faith that an agency has failed to expedite processing of a FOIA request in accordance with statute or regulation -- as seems to be the case here -- the availability of an order that effectively is an injunction, preliminary or otherwise, should not be foreclosed.

    3.  Here, the Court concludes that it need not grapple with and resolve issues of the propriety of a preliminary injunction under the traditional four-factor test.  The FBI has granted expedited processing, the parties have now proposed competing but parallel expedited processing schedules that are not dramatically different, and the Court's task boils down to assessing which proposed schedule better comports with the "as soon as practicable" statutory and regulatory standard under the circumstances reflected in the record.  Upon consideration of the parties' proposals, the Hardy declarations, and that standard, the Court concludes that a schedule that is more expedited than DOJ requests, but not quite as expedited as EFF's latest proposal, is warranted under the circumstances.

    4.  Accordingly, plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**, and the following schedule is **ORDERED** for processing EFF's March 12, 2007, request:

        a.    processing, and resulting responses and releases, shall be on a "rolling basis" as agreed by EFF and DOJ;

        b.    DOJ and the FBI shall provide the first response/release within 20 days from this Order -- i.e., by not later than July 5, 2007 -- in light of the time that has already passed since filing of the Second Hardy Declaration and the parties' scheduling proposals;

-4-

c.   subsequent responses/releases shall be provided every 30 days, given that the preparation of a response every 15 days (as suggested by EFF) would be inefficient and unduly burdensome;

d.   the FBI shall process 2500 pages every 30 days;

e.   the search for responsive records shall be completed by August 10, 2007, given the somewhat lower volume of potentially responsive records reflected in the representations to the Court since the first Hardy Declaration and the slightly faster pace of processing the Court is requiring;

f.   DOJ shall file a report regarding the completion of the search for responsive records and the status of the ongoing processing of records by not later than August 14, 2007;

g.   the parties shall, by not later than August 20, 2007, meet and confer regarding the completion of processing, the provision of a Vaughn index, and a summary-judgment briefing schedule; and

h.   the parties shall file a joint scheduling proposal, or competing proposals if they cannot agree, by not later than August 24, 2007.

**SO ORDERED.**

_____/s/ John D. Bates_____
JOHN D. BATES
United States District Judge

Dated: June 15, 2007

-5-

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 06-1773-RBW |
| ) | |
| **DEPARTMENT OF JUSTICE,** ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**O R D E R**

**UPON CONSIDERATION** of plaintiff's motion for a preliminary injunction,

defendant's response, and the entire record; it is this _____ day of September, 2007;

**ORDERED** that plaintiff's motion is **GRANTED**; and it is

**FURTHER ORDERED** that defendant DOJ, and its component FBI, shall comply with

the following schedule for the processing of plaintiff's Freedom of Information Act requests at

issue in this case:

a) processing, and resulting responses and releases, shall be on a "rolling basis;"

b) DOJ and the FBI shall provide the first response/release within 20 days from

this Order;

c) subsequent responses/releases shall be provided every 30 days;

d) the FBI shall process 2500 pages every 30 days;

e) the search for responsive records shall be completed within 60 days from this

Order; and

f) DOJ shall file a report regarding the completion of the search for responsive

records and the status of the ongoing processing of records within 75 days from

this Order.


**SO ORDERED.**


_____                    _____
Date                                        United States District Judge