UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELECTRONIC FRONTIER, | : | |
| FOUNDATION, | : | |
| | : | Civil Action No. 06-1773 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DEPARTMENT OF JUSTICE | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

The plaintiff, Electronic Frontier Foundation ("EFF"), brings this action pursuant

to the Freedom of Information Act ("FOIA"), 5 U.S.C § 552 (2006), against the

Department of Justice ("DOJ") seeking injunctive and other appropriate relief for the

processing and release of agency records from the Federal Bureau of Investigation

("FBI"), which are contained within the FBI's Investigative Data Warehouse ("IDW").[1]

Complaint ("Compl.") at 1.  Currently before the Court is the Plaintiff's Motion for a

Preliminary Injunction ("Pl.'s Mot.") [D.E. #10] which requests that this Court issue an

Order requiring the defendant to expedite the processing of the plaintiff's FOIA request.

Pl.'s Mot. at 1.  More specifically, the plaintiff requests that the defendant "begin

disclosing non-exempt, responsive records within 20 days" from the date of the Court's

order and for the FBI "to continue disclosing such material on a monthly basis

thereafter."  Id.  The defendant filed its opposition to the motion on September 4, 2007,

---

[1] The IDW is "a database of 659 million records, including terrorist watch lists, intelligence cable and financial transactions, that is culled from more than 50 government agency sources in addition to the FBI."  Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for a Preliminary Injunction and Supplement to Motion for Open America Stay, ("Def.'s Mem.") Exhibit ("Ex.") 1 (Second Declaration of David M. Hardy) ("Hardy Decl.") ¶ 3.

arguing that the plaintiff's request should be denied because, inter alia, "the EFF has not adequately shown a likelihood of success on the merits or that a grant of preliminary relief is necessary to prevent irreparable harm. Def.'s Mem. at 2. Because the plaintiff has not shown a likelihood of success on the merits or that it will be irreparably harmed if injunctive relief is not granted, the Court will deny its request for a preliminary injunction.

I.    Background

On August 25 and September 1, 2006, the plaintiff requested pursuant to the FOIA, agency records from the FBI contained in the IDW. Compl. ¶¶ 11, 13. Having received no response from the defendant, the plaintiff initiated this action on October 17, 2006. Thereafter, the parties agreed on a briefing schedule for the filing of dispositive motions and responses thereto and submitted a status report and proposed schedule to the Court. In that motion, the defendant indicated that it would be filing a motion to stay these proceedings pursuant to Open America v. Watergate Special Prosecution, 547 F.2d 605 (D.C. Cir. 1976). See February 23, 2007 Status Report and Proposed Schedule. In accordance with the parties' agreement, the Court issued a Scheduling Order on March 27, 2007. Then, on April 2, 2007, the FBI its Motion for Open America Stay, requested a stay of the proceedings pursuant to 5 U.S.C. § 552(a)(6)(C) (2006) and the Circuit Court's decision in Open America, which the plaintiff opposes.[2] Two days after the defendant filed its motion for the stay, the plaintiff

---

[2]Under Section 552(a)(6)(C)(I) of the FOIA, the government may obtain a stay of the proceedings "[i]f the Government can show [that] exceptional circumstances exist and that the agency is exercising due diligence in responding to the request." In Open America, the District of Columbia Circuit addressed Section 552(a)(6)(C)(I) and found that an agency is entitled to "additional time" to respond to a FOIA request under the statute's "exceptional circumstances" provision when the agency

submitted a formal request pursuant to 28 C.F.R. § 16.5(d)(1)(iv) (2006),[3] to the DOJ to expedite the processing of its pending FOIA request.  Memorandum in Support of Plaintiff's Motion for a Preliminary Injunction.  ("Pl.'s Mem.") at 2.  Initially, the DOJ, in support of its motion for the stay asserted that the plaintiff was not entitled to expedited processing with respect to the information contained in the IDW.  Id.  However, on August 3, 2007, the DOJ reversed its position with respect to the request for expedited processing of the plaintiff's FOIA requests and concluded that it satisfied the criteria for expedited processing because the IDW "is a matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affects public confidence."[4] Id.  Based on the DOJ's agreement to provide expedited processing of the plaintiff's FOIA request, the plaintiff's motion for injunctive relief accuses the agency of failing to "comply with not only the FOIA's provisions for expedited processing, but also the statute's mandated time frame of 20 working days for responding to a standard, non-expedited request."  Id. at 3.  On the other hand, the defendant opposes the motion stating that "the recent decision by the [DOJ] to grant expedited treatment does not entitle EFF to an order setting a schedule for production

---

is deluged with a volume of requests for information vastly in excess of that anticipated by Congress, when the existing resources are inadequate to deal with the volume of such requests within the time limits of subsection (6)(A), and when the agency can show that it "is exercising due diligence" in processing the requests.

547 F.2d at 616 (quoting 5 U.S.C. § 552(a)(6)(C)).

[3] 28 C.F.R. § 16.5(d)(1)(iv) provides that a FOIA request "will be taken out of order and given expedited treatment" if the Office of Public Affairs determines that it involves "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect the public confidence."

[4] See supra note 3,.

of documents." Def.'s Mem. at 1. Moreover, the DOJ contends that "[a] preliminary

injunction is not the appropriate mechanism for EFF to effectively cut off the Court's

consideration of the defendant's motion for an <u>Open America</u> stay . . . or to otherwise

sidestep the ordinary FOIA litigation process." <u>Id.</u> at 2.

II.     Standard of Review

        In determining whether to grant preliminary injunctive relief, "the moving party

must show (1) a substantial likelihood of success on the merits, (2) that it would suffer

irreparable injury if the injunction were not granted, (3) that an injunction would not

substantially injure other interested parties, and (4) that the public interest would be

furthered by the injunction." <u>Chaplaincy of Full Gospel Churches v. England</u>, 454 F.3d

290, 297 (D.C. Cir. 2006) (citations omitted); <u>see</u> <u>also</u> <u>Al-Fayed v. CIA</u>, 254 F.3d 300,

303 (D.C. Cir. 2001) (citation omitted); <u>Mova Pharm Corp. v. Shalala</u>, 140 F.3d 1060,

1066 (D.C. Cir. 1998) (citation omitted); <u>Washington Metro. Area Transit Comm'n v.</u>

<u>Holiday Tours, Inc.</u>, 559 F.2d 841, 843 (D.C. Cir. 1977) (citation omitted). "[T]he

strengths of the requesting party's arguments" with respect to each of these factors

must be balanced and "[i]f the arguments for one factor are particularly strong, an

injunction may issue even if the arguments in other areas are rather weak." <u>CityFed</u>

<u>Fin. Corp. v. Office of Thrift Supervision</u>, 58 F.3d 738, 747 (D.C. Cir. 1995). However, a

party seeking injunctive relief must "demonstrate at least 'some injury' . . . since '[t]he

basis for injunctive relief in the federal courts has always been irreparable harm.'" <u>Id.</u>

(citations omitted).

III.    Analysis

        A.      Likelihood of Success on the Merits

The plaintiff correctly asserts that an "agency is generally required to 'determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, . . . .'"  Pl.'s Mem. at 5 (quoting 5 U.S.C. § 552(a)(6)(A)(i)) (other citation omitted).  And, "[i]f an agency grants expedited treatment, it is obligated to process the request 'as soon as practicable.'" Id. (quoting 5 U.S.C. § 552(a)(6)(E)(iii); 28 C.F.R. § 16.5(d)(4)). "[A]n agency that violates the twenty-day deadline applicable to standard FOIA requests presumptively also fails to process an expedited request as soon as practicable." Elec. Privacy Info. Ctr. v. Dep't of Justice, 416 F. Supp. 2d 30, 39 (D.D.C. 2006). Accordingly, "a prima facie showing of agency delay exists when an agency fails to process an expedited FOIA request within the time limit applicable to standard FOIA requests." Id.  However, "[t]he presumption of agency delay raised by failing to respond to an expedited request within twenty days is certainly rebuttable if the agency presents credible evidence that disclosure within such time period is truly not practicable." Id.

Here, the agency has effectively rebutted the presumption of delay by providing a detailed explanation as to why the time period prescribed by the FOIA could not be met.  Specifically, the FBI explains that it has "initially identified 72,000 pages of records potentially responsive to EFF's FOIA requests . . . [and that it has] been reviewing those records to isolate the documents that are in fact responsive" to EFF's requests and eliminating those documents that are not responsive."  Def.'s Mem. at 8 (citing Ex. 1

5

Hardy Decl.¶¶ 5-7 ).[5]  Of the 72,000 documents, the FBI "has reviewed approximately 21,000 pages of documents; of those, it has identified 750 pages as responsive and eliminated the remainder as nonresponsive."  Id.  The FBI expects that "within the next three months, it will have finished its review of the remaining 51,000 documents thereby completing the initial step of identifying the documents that fall within the scope of EFF's request."  Id. (citing Ex. 1, Hardy Decl. ¶ 14.).

The FBI further explains, however, that even after identifying the initial documents that fall within the scope of EFF's request, a second intensive process begins.  First, the "documents must be scanned into an electronic format and then loaded into the FBI's paperless FOIPA Document Processing System."  Id. at 9 (citing Ex. 1, Hardy Decl. ¶ 16.)  The documents must then "be reviewed by he Record/Information Dissemination Section Classification Unit."  Id.  This review consists of a "page by page and line by line determination of whether the documents contain classified information[,] whether information should be declassified and properly marked and stamped as classified information."  Id. (citing Ex. 1, Hardy Decl. ¶ 17).  This process consists of the "redaction of any exempt material, notation of applicable exemptions, and preparation of information sheets indicating the deletion of entire pages."  Id.  Additionally, this review may involve consultation "with other government agencies about the releasability of the other agencies' information contained in the FBI records or refer[ring] non-FBI documents to the originating agencies for processing and

---

[5]David M. Hardy is the Section Chief of the Record/Information Dissemination Section, Records Management Division, at the FBI.  Def.'s Mem., Ex. 1, Hardy Decl. ¶ 1.  In this capacity Mr. Hardy supervises employees "whose collective mission is to effectively plan, develop, direct, and manage responses to request for access to FBI records and information pursuant to the FOIA" and several executive branch mandates.  Id. ¶ 2.

direct response to EFF." Id.  The final step in this process involves the review of the

documents proposed for release "by the appropriate FBI Division and offices which

have interests in the release or denial of the information contained in the documents."

Id. (citing Ex. 1, Hardy Decl. ¶ 18).  The FBI estimated that this process would be

completed as to 200 of the 750 documents already identified to date by September 28,

2007.  Id. (citing Ex. 1, Hardy Decl. ¶¶15 & n. 4).  "The portion of those documents that

are not exempt from disclosure will then be released to EFF" immediately.  Def.'s Mem.

at 9.  "At the same time, the FBI will process the remaining 550 pages of documents so

far identified as responsive."  Id. (citing Ex. 1, Hardy Decl. ¶ 19).  The FBI represents

that it "will also continue with the review and processing of the remaining 51,000 pages

that have not yet been identified as either responsive or nonresponsive," id. at 9-10

(citing Ex. 1, Hardy Decl. ¶ 19), and "anticipates that the initial step of isolating

responsive documents will be complete within the next three months, after which the

FBI can better estimate the time it will take to review and process the documents that

are identified as responsive."  Id. at 10 (citing Ex. 1, Hardy Decl. ¶ 14.).

In light of the defendant's explanation of its treatment of the plaintiff's FOIA

requests, the supporting declaration of David M. Hardy, and the absence of any proof of

bad faith or dilatory tactics on the part of the FBI, the Court concludes that the

defendant has rebutted the presumption arising from delay that otherwise would apply.

Indeed, "[t]he presumption of agency delay raised by failing to respond to an expedited

request within twenty days is certainly rebuttable if the agency presents credible

evidence that disclosure within such time period is truly not practicable."  Elec. Privacy

Info. Ctr., 416 F. Supp. 2d at 39.  As indicated above, the defendant has demonstrated

that it is processing the plaintiff's FOIA request as soon as practicable.  In addition, the

defendant has indicated its willingness to continually advise the Court and the EFF at

120-day intervals of the progress it is making in responding to EFF's requests.

Moreover, the defendant has already placed the plaintiff's FOIA request ahead of other

requests, and has demonstrated that it is working diligently to provide the documents to

the plaintiff it is entitled to receive as soon as it can complete the review process

described above.  On this record, the Court concludes the plaintiff has failed to show

there is a substantial likelihood that it will prevail on the merits.

      B.      Irreparable Harm

The District of Columbia Circuit "has set a high standard for irreparable injury."

Chaplaincy of Full Gospel Churches, 454 F.3d at 297 (citing Wisc. Gas Co. v. FERC,

758 F.2d 669, 674 (D.C. Cir.1985)).  First, the injury "must be both certain and great; it

must be actual and not theoretical."  Id.  "The moving party must show that '[t]he injury

complained of is of such imminence that there is a 'clear and present' need for

equitable relief to prevent irreparable harm.'"  Id. (citations, brackets, and internal

quotation marks omitted).  Thus, "[i]njunctive relief will not be granted against

something merely feared as liable to occur at some indefinite time . . . ."  Wisc. Gas

Co., 758 F.2d at 674 (quoting.Connecticut v. Massachusetts, 282 U.S. 660, 674

(1931)).

In the present case, the plaintiff claims that "[u]nder the statutory scheme

Congress established in the FOIA, it is clear that timing is critical and that any further

delay in the processing of [the] plaintiff's request will cause irreparable injury."[6]  Pl.'s

Mem. at 8.  Additionally, the plaintiff claims that "any further delay in the processing of

[the] plaintiff's FOIA request will irreparably harm [the] plaintiff's ability, and that of the

public, to obtain in a timely fashion information vital to the current and ongoing debate

surrounding the FBI's collection and use of large amounts of personal information."  Id.

        In response, the defendant argues that "EFF's claim that 'time is of the essence'

is nothing more than speculation and rhetoric."  Def.'s Mem. at 19.  The defendant

notes that "EFF has not shown that the documents it has requested contain crucial

information that will be valuable to EFF."  Id.  The defendant opines that "[p]resumably,

the very reason EFF has requested the documents is because EFF does not know what

the documents contain," and that "[e]ven assuming the documents contain valuable

information, portions of those documents could well be withheld from disclosure

pursuant to FOIA exemptions."  Id. (citing The Nation Magazine v. Dep't of State, 805 F.

Supp 68, 74 (D.D.C. 1992) (finding that the plaintiffs failed to show irreparable harm

because "[e]ven if [the] Court were to direct the speed up of the processing of their

requests, [the plaintiffs had] not shown at this time that they are entitled to release of

the documents they [sought]")).  Moreover, the defendant posits that "even if some of

---

[6]Pursuant to 5 U.S.C. § 552(a)(6)(A):

Each agency, upon any request for records made under paragraph (1), (2), or (3) of this
subsection, shall--
  (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays)
after the receipt of any such request whether to comply with such request and shall
immediately notify the person making such request of such determination and the
reasons therefor, and of the right of such person to appeal to the head of the agency any
adverse determination . . . .

the requested documents turn out to be both valuable to EFF and subject to disclosure under [the] FOIA, EFF has not shown that delays in the processing of the FOIA requests will significantly diminish the value of the information." Id. at 20.

The Court agrees that EFF has failed to articulate a tangible injury that is either "certain and great" or irreparable. Chaplaincy of Full Gospel Churches, 454 F.3d at 297 (citing FERC, 758 F.2d at 674). As an initial matter, the Court agrees with the defendant's position that EFF misconstrues "the purpose and implications of [the] FOIA's expedited processing provisions." Def.'s Mem. at 2. The defendant explains that "[a] determination that a request warrants expedited processing means only that the request should be processed ahead of other requests that have not been granted expedited treatment." Id.; see 5 U.S.C. § 552(a)(6)(E)(i)(II); 16 C.F.R. § 16.5(d)(1)(iv). Thus, the defendant represents that "a finding that a request warrants expedited treatment does not mean that the request can or should be processed within a specified time frame or on a schedule dictated by the individual or organization who made the FOIA request." Id. Rather, the defendant contends that the "FOIA provides that expedited requests should be processed 'as soon as practicable' with due regard for the agency's processing capacity and current workload and the need to ensure that requests are processed properly." Def.'s Mem. at 2; see 5 U.S.C. § 552(a)(6)(E)(iii). Thus, according to the defendant, the plaintiff's claim of irreparable injury due to the defendant's purported failure to comply with "statutory guidelines," Pl.'s Mem. at 8, is simply inaccurate. The Court must side with the defendant.

A preliminary injunction is "an extraordinary remedy that should be granted only when the party seeking the relief, by a clear showing, carries the burden of persuasion"

10

Chaplaincy of Full Gospel Churches, 454 F.3d at 297.  And, because the EFF is not

aware of the precise information the documents contain, it cannot show, with certainty,

that the requested documents contain crucial information that will be valuable to EFF.

Moreover, the plaintiff has not shown that the time needed in the process employed by

the FBI in responding to the plaintiff's FOIA requests, will significantly diminish the value

of the information even if some of the requested documents turn out to be both valuable

to EFF and subject to disclosure under the FOIA.  At this point, the Court would have to

engage in rank speculation to conclude that the information possessed by the FBI is of

value to the EFF and to assess the extent to which the plaintiff may be harmed due to

the FBI's unavoidable delay in processing the plaintiff's requests.  Therefore, this Court

must conclude that it cannot be said that  "[t]he injury complained of is of such

imminence that there is a 'clear and present' need for equitable relief to prevent

irreparable harm."  Id.  Accordingly, the plaintiff having failed to demonstrate not only

that it will suffer irreparable injury but also that there is a substantial likelihood that the

defendant will prevail on the merits, has not carried its burden of demonstrating that it is

entitled to injunctive relief.  Accordingly, it is hereby

        ORDERED that the plaintiff's request for preliminary injunction is denied.  It is

further

        ORDERED that the defendant will advise the Court and the EFF at 120-day

intervals of the progress it is making in responding to EFF's FOIA requests.

        SO ORDERED on this 27th day of September, 2007.

                                        REGGIE B. WALTON
                                        United States District Judge

11