## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| ELECTRONIC FRONTIER FOUNDATION, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 06-cv-1773 (RBW) |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S STATUS REPORT

On September 27, 2007, this Court issued an order denying the plaintiff's motion for a

preliminary injunction and requiring the defendant, the Department of Justice, to submit reports

at 120-day intervals to advise the Court and the plaintiff, Electronic Frontier Foundation

("EFF"), of the defendant's progress in responding to the Freedom of Information Act (FOIA)

requests at issue in this case.  See Order Denying Mot. for Prelim. Inj. at 11, Elec. Frontier

Found. v. Dep't of Justice, No. 06-cv-1773 (RBW) (Sept. 27, 2007) (dkt. no. 16).  EFF's FOIA

requests, submitted on August 25, 2006, and September 1, 2006, seek disclosure of records

pertaining to the Federal Bureau of Investigation (FBI)'s Investigative Data Warehouse (IDW), a

law enforcement database "that holds hundreds of millions of records containing personal

information."  See Compl. for Injunctive Relief ¶¶ 11–18 (dkt. no. 1); Answer ¶¶ 11–18 (dkt. no.

3); Defs.' Supplemental Answer (dkt. no. 5).

In accordance with the Court's order, defendant Department of Justice submits this status

report.  As explained in greater detail in the attached Third Declaration of David M. Hardy, the

FBI made interim releases of documents on September 28, 2007; November 26, 2007; and

December 19, 2007.  Decl. ¶¶ 8–10.  These three interim releases together accounted for a total

of 544 pages of documents reviewed and 448 pages of documents released to EFF.  Decl.

¶¶ 8–10.  The FBI anticipates making a fourth interim release on or before March 1, 2008,

representing approximately 193 pages of documents reviewed.[1]  Decl. ¶ 16.

      The FBI is continuing the process of reviewing potentially responsive documents to

determine whether they are in fact responsive to EFF's FOIA requests; approximately 49,928

pages of potentially responsive documents remain to be reviewed.  Decl. ¶¶ 13–15.  Although the

FBI earlier anticipated that it would be able to complete this initial scoping review process by

December 2007, several intervening factors, described more fully in the declaration, have

prevented the FBI from completing the scoping review process according to the schedule

anticipated earlier.  Decl. ¶ 13.

---

[1] The estimate of 193 pages represents the total number of pages to be reviewed and does not necessarily reflect the total number of pages that will be released to EFF.

Dated: January 25, 2008                     Respectfully submitted,

                                            JEFFREY S. BUCHOLTZ
                                            Acting Assistant Attorney General

                                            JEFFREY A. TAYLOR
                                            United States Attorney

                                            ELIZABETH J. SHAPIRO
                                            Assistant Branch Director

                                            /s/ JAMES C. LUH
                                            JAMES C. LUH
                                            Trial Attorney
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            20 Massachusetts Ave NW
                                            Washington DC 20530
                                            Tel: (202) 514-4938
                                            Fax: (202) 616-8460
                                            E-mail: James.Luh@usdoj.gov
                                            Attorneys for Defendant

Civil Action No. 06-cv-1773 (RBW)

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELECTRONIC FRONTIER FOUNDATION, )
)
Plaintiff, )
)
v. )   Civil Action No. 1:06-cv-01773-RBW
)
DEPARTMENT OF JUSTICE, )
)
Defendant. )

## THIRD DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)    I am currently the Section Chief of the Record/Information Dissemination Section

("RIDS"), Records Management Division ("RMD"), at the Federal Bureau of Investigation

Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002.

Prior to joining the FBI, from May 1, 2001 to July 21, 2002, I was the Assistant Judge Advocate

General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of

Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From

October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and

routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law

in the state of Texas since 1980.

(2)    In my official capacity as Section Chief of RIDS, I supervise approximately 208

employees who staff a total of ten (10) units and a field operational service center unit whose

collective mission is to effectively plan, develop, direct, and manage responses to requests for

access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order

12958, as amended; Presidential, Attorney General, and FBI policies and procedures; judicial

decisions; and Presidential and Congressional directives. My responsibilities also include the

review of FBI information for classification purposes as mandated by Executive Order 12958, as

amended,[1] and the preparation of affidavits/declarations in support of Exemption 1 claims asserted under the FOIA.[2] I have been designated by the Attorney General of the United States as an original classification authority and a declassification authority pursuant to Executive Order 12958, as amended, §§ 1.3 and 3.1. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)    Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment which has been afforded the FOIA requests of plaintiff, the Electronic Frontier Foundation ("EFF"), for specific types of FBI documents related to the FBI's Investigative Data Warehouse ("IDW"), a database of 659 million records, including terrorist watch lists, intelligence cables and financial transactions, that is culled from more than 50 government agency sources in addition to the FBI.[3]

(4)    I am also familiar with the Order of the Court dated September 27, 2007, which denied plaintiff's Motion for Preliminary Injunction and ordered that the defendant will advise the Court and plaintiff at 120-day intervals of the progress it is making in responding to plaintiff's FOIA requests.

(5)    This third declaration supplements, and hereby incorporates, my previous declaration submitted in this case dated March 28, 2007 ("First Hardy Declaration"), which

---

[1] 60 Fed. Reg. 19825 (1995) and 69 Fed. Reg. 15315 (2003).

[2] 5 U.S.C. § 552 (b)(1).

[3] It should be noted that plaintiff's initial FOIA request dated August 25, 2006, for specific documents concerning the IDW and plaintiff's second FOIA request dated September 1, 2006, for additional specific documents concerning the IDW were combined into one FOIA request, which has been assigned FOIPA Request Number 1058805-000.

provided the Court and plaintiff with an overview of the FBI's RIDS and the existing backlog of

FOIA/PA requests and pending FOIA/PA litigation, an explanation of the FBI's Central Records

System ("CRS"), a chronology of plaintiff's FOIA requests, a description of the search for and

voluminous number of records potentially responsive to plaintiff's FOIA requests, and an

explanation for the delays associated with the FBI's processing of plaintiff's FOIA requests.

In addition, the First Hardy Declaration was submitted to the Court in support of a stay of

proceedings for approximately 71 months (three months for the case to rise to the top of the

backlog queue and 68 months for processing) or no later than February 28, 2013, to allow the

FBI to complete the processing and release of documents responsive to plaintiff's requests. This

estimated length of time to complete the processing of plaintiff's FOIA request was based on the

volume of approximately 72,000 pages that the FBI had identified as potentially responsive as of

March 28, 2007.

(6)    This third declaration also supplements, and hereby incorporates, my previous

declaration submitted in this case dated September 4, 2007 ("Second Hardy Declaration"), which

provided the Court and plaintiff with information concerning the granting of plaintiff's request

for expedited treatment of its FOIA requests by the Department of Justice ("DOJ"), Office of

Public Affairs ("OPA"), the current status of the review of documents potentially responsive to

plaintiff's FOIA requests, the current status of the processing of documents which had been

determined to be responsive to plaintiff's FOIA requests, and information concerning personnel

shortages in RIDS and other pending FOIA litigation which could cause delays in the processing

of plaintiff's FOIA requests.

(7)    The purpose of this third declaration is to provide the Court and plaintiff with

information concerning the three releases of responsive documents to plaintiff since

September 4, 2007, the current status of the review of records that are potentially responsive to

plaintiff's FOIA requests, the current status of the classification review and FOIA processing of

records which have been identified as responsive to plaintiff's FOIA request, and information concerning personnel shortages in RIDS and other pending FOIA litigation which could cause delays in the processing of plaintiff's FOIA requests.

### THE THREE RELEASES OF DOCUMENTS RESPONSIVE TO PLAINTIFF'S FOIA REQUESTS

(8)    By letter dated September 28, 2007, addressed to plaintiff's attorney Marcia Hofmann, FBIHQ advised that 204 pages of documents had been reviewed and 169 pages of documents were being released to plaintiff as an enclosure to the letter.  Plaintiff was also advised that certain information in these documents was exempt from disclosure pursuant to FOIA Exemptions (b)(1), (b)(2), (b)(6), (b)(7)(A), (b)(7)(C) and (b)(7)(E).  In addition, plaintiff was advised that certain information in these documents was determined to be "outside the scope" of the specific types of information requested by the plaintiff and that such information had been redacted and marked "o/s".  Finally, plaintiff was advised that the enclosed documents represented the first of a series of interim releases to be made to plaintiff in response to its FOIA requests concerning the IDW.  **(See Exhibit F)**.

(9)    By letter dated November 26, 2007, addressed to Marcia Hofmann, FBIHQ advised that 134 pages of documents had been reviewed and 73 pages of documents were being released to plaintiff as an enclosure to the letter.  Plaintiff was also advised that certain information in these documents was exempt from disclosure pursuant to FOIA Exemptions (b)(2), (b)(4), (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E).  In addition, plaintiff was advised that certain information in these documents was determined to be "outside the scope" of the specific types of information requested by the plaintiff and that such information had been redacted and marked "o/s".  Finally, plaintiff was advised that the enclosed documents represented the second of a series of interim releases to be made to plaintiff in response to its FOIA requests concerning the IDW.  **(See Exhibit G)**.

-4-

(10)    By letter dated December 19, 2007, addressed to Marcia Hofmann, FBIHQ advised that 206 pages of documents had been reviewed and 206 pages of documents were being released to plaintiff as an enclosure to the letter. Plaintiff was also advised that certain information in these documents was exempt from disclosure pursuant to FOIA Exemptions (b)(5), (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(E). In addition, plaintiff was advised that certain information in these documents was determined to be "outside the scope" of the specific types of information requested by the plaintiff and that such information had been redacted and marked "o/s". Finally, plaintiff was advised that the enclosed documents represented the third of a series of interim releases to be made to plaintiff in response to its FOIA requests concerning the IDW. (See Exhibit H).

## THE CURRENT STATUS OF THE SCOPING REVIEW OF DOCUMENTS WHICH ARE POTENTIALLY RESPONSIVE TO PLAINTIFF'S FOIA REQUESTS

(11)    As described in Paragraphs 35 through 38 of the First Hardy Declaration, the FBI conducted a wide-ranging search for FBIHQ records which could potentially contain information which is responsive to the specific categories of records sought by plaintiff. As a result of these search efforts, a total of approximately 72,000 pages of potentially responsive records were located and forwarded to RIDS personnel. As of the date of the First Hardy Declaration and continuing since that date, RIDS personnel in the Litigation Support Unit ("LSU") have been reviewing this enormous volume of potentially responsive records in order to determine whether or not the submitted records are within the scope of plaintiff's FOIA request. (See First Hardy Declaration, ¶¶ 35-38.)

(12)    As described in Paragraph 13 of the Second Hardy Declaration, as of September 4, 2007, these RIDS personnel had reviewed 21,000 out of the total of 72,000 pages of potentially responsive documents to determine which records were within the scope of plaintiff's FOIA requests. This review identified approximately 750 pages of documents which were responsive

to plaintiff's FOIA requests, as well as eliminated approximately 20,250 pages of non-responsive documents. Additionally, it was anticipated at that time that the scoping review of the remaining potentially responsive documents would be completed within three months, or approximately by the first half of December, 2007. **(See Second Hardy Declaration, ¶ 13.)**

(13)    Unfortunately, although some progress has been made, RIDS personnel have been unable to complete the scoping review in the time anticipated in the Second Hardy Declaration **(See ¶ 12, above)**. In the intervening time frame, this scoping review process has been hampered by several factors, including the loss of several senior employees due to scheduled retirements, other FOIA litigation deadlines, and the complexity of some of the information in these documents, which are highly technical in nature. The loss of senior personnel included the Unit Chief of FOIPA Disclosure Unit 3 and the senior Legal Administrative Specialist ("LAS") who was processing plaintiff's FOIA requests.[4] This loss of personnel resulted in the Unit Chief of the Litigation Support Unit ("LSU") having to assume the additional burden of managing both LSU and FOIPA Disclosure Unit 3, which did not allow her to continue with this scoping review process for responsive records. In addition, the senior LAS in LSU who was assisting the Unit Chief of LSU also could not continue with this scoping review process due to filing deadlines in two other FOIA litigations, one of which involved Secure Compartmented Information ("SCI") documents to which only he and one other LAS in RIDS are allowed access.[5] Finally, the unique

---

[4] It should be noted that the processing of plaintiff's FOIA requests has been reassigned to another senior LAS in FOIA Disclosure Unit 3. Although this case reassignment has not resulted in any break in the continuity of processing of the documents that are responsive to plaintiff's FOIA requests, the loss of this senior LAS, and other senior LAS's, due to retirements has resulted in a continuing shortage of senior personnel at FBIHQ who have the necessary experience to handle FOIA litigation cases, thus impacting the processing of plaintiff's FOIA requests, as well as other FOIA litigation cases.

[5] It should be noted that although this senior LAS in LSU has some upcoming filing deadlines in other FOIA litigations, most of the work concerning these two FOIA litigations has been completed, thus allowing him to return to the scoping review process for responsive documents.

element of the complexity of technical information in these documents has required extensive consultation with personnel of the FBI's Security Division, the FBI's Office of the General Counsel ("OGC"), the FBI's Information Technology Operations Division ("ITOD"), and the Office of the Program Manager of IDW.

(14)    Despite these encumbrances to the scoping review process, an additional 1,072 pages of potentially responsive documents have been reviewed by RIDS personnel to determine which records were within the scope of plaintiff's FOIA requests since September 4, 2007. This scoping review identified 193 pages of documents which were responsive to plaintiff's FOIA requests, as well as eliminated 879 pages of non-responsive documents.

(15)    To date, RIDS personnel have reviewed a total of approximately 22,072 pages of potentially responsive documents to determine which records were within the scope of plaintiff's FOIA requests. This scoping review identified a total of 943 pages of documents which were responsive to plaintiff's FOIA requests, as well as eliminated 21,129 pages of non-responsive documents. Therefore, approximately 49,928 pages of potentially responsive documents remain to be reviewed by RIDS personnel.

### THE CURRENT STATUS OF THE PROCESSING OF DOCUMENTS WHICH ARE RESPONSIVE TO PLAINTIFF'S FOIA REQUESTS

(16)    The initial processing of the fourth interim release of documents to plaintiff has been completed by the senior LAS in FOIPA Disclosure Unit 3 and this proposed release is currently being reviewed by supervisory personnel prior to forwarding it for review by the Security Division, OGC, ITOD, and the Office of the Project Manager of IDW. This fourth interim release consists of approximately 193 pages of documents and it is anticipated that these processed records will be released to plaintiff on or before March 1, 2008.[6] In addition, the

---

[6] It should be noted that the approximate page count of 193 pages represents the total number of pages reviewed and processed for this interim release and not necessarily the number of actual
(continued...)

classification review and FOIA processing of documents for the fifth interim release of documents to plaintiff is continuing as well as other future interim releases to plaintiff, which will be made on a rolling basis.

(17)    As detailed in Paragraphs 21 through 24, 38 and 39 of the First Hardy Declaration, there are several time-consuming steps that are necessary to complete the processing of plaintiff's FOIA requests. **(See First Hardy Declaration, ¶¶ 21-24, 38 and 39.)** The first step is to scan in the records which have been determined to be responsive into an electronic format and upload these records into FDPS. The next step is to forward these documents to DCU for classification and/or declassification review of these documents pursuant to Executive Order 12958, as amended. This classification and/or declassification review involves a page-by-page, line-by-line review of the responsive documents to determine which, if any, information is currently classified and/or should be declassified pursuant to Executive Order 12958, as amended, and to properly mark and stamp the classified information at the appropriate classification level.

(18)    After completion of the classification/declassification review, the documents are then be returned to FOIPA Disclosure Unit 3 for processing of these documents pursuant to the FOIA. This FOIA processing involves a page-by-page, line-by-line review of the responsive documents to determine which, if any, FOIA exemptions may apply. This FOIA processing also includes the redaction of any exempt material and the notation of the applicable FOIA exemption(s) in the margin of each page and/or preparation of deleted page information sheets when pages are withheld in their entireties. During the course of their review, FOIPA Disclosure Unit 3 may need to consult with other United States Government agencies for their determination as to the releasability of the other agency's information contained within these FBI records, or refer non-FBI documents to those originating agencies for processing and direct response to

---

[6](...continued)
pages which will be released to plaintiff.

plaintiff. FOIPA Disclosure Unit 3 will ensure that FOIA exemptions have been applied properly, no releasable material has been withheld, no material meriting protection has been released, all necessary classification reviews have been completed, and other United States Government agency information and/or entire documents originating with other United States Government agencies have been referred for either consultation and return to the FBI or direct response to plaintiff.

(19)   The last step in the processing of these responsive documents will be to have the proposed release of documents reviewed by the appropriate FBI Divisions and offices at FBIHQ who have equities in the release and/or withholding of the information in these documents.   In this matter, these FBIHQ Divisions and offices include the Security Division, OGC, ITOD, and the Office of the Program Manager of IDW.   After the completion of these reviews by other FBI entities, the documents will then be printed and mailed to plaintiff.

### PERSONNEL SHORTAGES AND OTHER PENDING FOIA LITIGATIONS

(20)   As explained in Paragraphs 11 through 14 of the First Hardy Declaration, RIDS is currently undergoing a phased physical relocation of personnel and resources from FBIHQ to an interim facility in Frederick County, Virginia. An unfortunate side effect of this relocation has been the loss of experienced RIDS personnel due to retirement or separation from the FBI inasmuch as these employees have decided not to transfer to the new facility. Since the date of the First Hardy Declaration, three additional RIDS Units at FBIHQ have relocated to the interim facility in Virginia, which has resulted in the loss of additional senior personnel. The next scheduled relocation of RIDS personnel at FBIHQ will be in March of 2008 and the final phase of relocation of the remaining RIDS personnel at FBIHQ is scheduled for September of 2008. Although the FBI is engaged in aggressive and intense recruitment and hiring efforts in the Frederick County, Virginia area, it is anticipated that the trend in loss of experienced personnel due to retirement and separation from the FBI will persist in the foreseeable future. **(See First**

-9-

**Hardy Declaration, ¶¶ 11-14.)**

(21)    As explained in Paragraphs 15 through 19 of the First Hardy Declaration, simultaneously with this personnel and resources drain, RIDS has experienced a significant increase in its FOIA litigation workload, including two district court cases brought by EFF. Each of the other two EFF litigations have resulted in strict court-imposed deadlines, as I will describe in further detail below. **(See First Hardy Declaration, ¶¶ 15-19.)**

(22)    In Electronic Frontier Foundation v. Department of Justice, et al., Civ. A. No. 07-CV-00656 (D.D.C.), the FBI has been ordered by the Court to process 2,500 pages of documents every month for release to plaintiff pursuant to its FOIA request for records concerning the FBI's use of National Security Letters. This litigation involves an estimated 45,000 pages of potentially responsive documents. The FBI has made 7 releases to date, with the next release due February 4, 2008. In Electronic Frontier Foundation v. Department of Justice, et al., Civ. A. No. 06-CV-1708 (D.D.C.), the FBI has been ordered by the Court to process 800 pages every month for release to plaintiff pursuant to its FOIA request for records concerning the DCS 3000 System. Approximately 9,883 pages have been identified as potentially responsive and the FBI has made 9 releases to date, with the next release due February 4, 2008.

(23)    Plaintiff is not alone is suing the FBI. The FBI is actively defending numerous other lawsuits in district courts and appellate courts across the country, each with its own set of deadlines. At this time, the FBI is defending 101 FOIA/Privacy Act lawsuits nationwide.

(24)    In order to comply with all of these demands, RIDS has realigned and made a substantial commitment of its personnel resources to address these judicially-imposed deadlines. However, despite its attempts to realign and commit personnel and resources, RIDS continues to experience the effects of a drain in the number of its experienced personnel while it moves forward with its relocation to Frederick County, Virginia. Thus, despite these best efforts, there are only a limited number of RIDS personnel available to work on all of the other FOIA/PA

-10-

requests and litigations, including this FOIA litigation.

(25)    The FBI takes its responsibilities with regard to the administration of the FOIA/Privacy Act program very seriously, and all reasonable efforts are being made to comply with the statutory deadlines. Regrettably, compliance with these deadlines is often not possible. However, the FBI has made tremendous strides in the allocation of limited personnel resources in order to comply with all of its court-ordered deadlines as well as the reduction of its backlog of pending FOIA/PA requests over time. With regard to plaintiff's FOIA requests for specific records concerning the IDW, the FBI has made three interim releases of responsive documents to plaintiff and has also made substantial progress in the scoping review, classification review and FOIA processing of additional responsive documents for eventual release to plaintiff.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits F through H attached hereto are true and correct copies.

Executed this _25th_ day of January, 2008.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

-11-

# Exhibit F



U.S. Department of Justice

_____

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

September 28, 2007

MARCIA HOFMANN ESQ
ELECTRONIC FRONTIER FOUNDATION
454 SHOTWELL STREET
SAN FRANCISCO, CA 941110

Subject: INVESTIGATIVE DATA WAREHOUSE

FOIPA No. 1058805- 000

Dear Requester:

      The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

|  Section 552 | | | |
|---|---|---|---|
| ☒(b)(1) | ☒(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☒(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

204 **page(s)** were reviewed and 169 **page(s)** are being released.

☐  Document(s) were located which originated with, or contained information concerning other
    Government agency(ies) [OGA].  This information has been:

      ☐  referred to the OGA for review and direct response to you.

      ☐  referred to the OGA for consultation.  The FBI will correspond with you regarding this
         information when the consultation is finished.

☐ You have the right to appeal any denials in this release.  Appeals should be directed in
writing to the Director, Office of Information and Privacy, U.S. Department of Justice,1425
New York Ave., NW, Suite 11050, Washington, D.C.  20530-0001 within sixty days from the
date of this letter.  The envelope and the letter should be clearly marked "Freedom of Information
Appeal" or "Information Appeal."  Please cite the FOIPA number assigned to your request so that it
may be easily identified.

  ☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was
the focus of the investigation.  Our search located additional references, in files relating to other
individuals, or matters, which may or may not be about your subject(s).  Our experience has shown,
when ident, references usually contain information similar to the information processed in the main file(s).
Because of our significant backlog, we have given priority to processing only the main investigative file(s).

If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Records Management Division

Enclosure(s)

The enclosed documents represent the first of a series of interim releases that will be made with regard to your request pertaining to the Investigative Data Warehouse.

For your information, some of the enclosed pages contain information about other subject matters. We consider this information "outside the scope" of your request, and have redacted the information and marked it "o/s".

# Exhibit G



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

MARCIA HOFMANN ESQ
ELECTRONIC FRONTIER FOUNDATION
454 SHOTWELL STREET
SAN FRANCISCO, CA 941110

November 26, 2007

Subject: INVESTIGATIVE DATA WAREHOUSE

FOIPA No. 1058805- 000

Dear Ms. Hofmann:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☒(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☒(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☒(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

134 **page(s)** were reviewed and **73 page(s)** are being released.

☐ Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

☐ referred to the OGA for review and direct response to you.

☐ referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☐ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information and Privacy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s).

If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
 Dissemination Section
Records Management Division

Enclosure(s)

The enclosed documents represent the second of a series of interim releases that will be made with regard to your request pertaining to the Investigative Data Warehouse.

For your information, some of the enclosed pages contain information about other subject matters. We consider this information "outside the scope" of your request, and have redacted the information and marked it "o/s".

# Exhibit H



U.S. Department of Justice

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

MARCIA HOFMANN ESQ
ELECTRONIC FRONTIER FOUNDATION
454 SHOTWELL STREET
SAN FRANCISCO, CA 94110

December 19, 2007

Subject: INVESTIGATIVE DATA WAREHOUSE

FOIPA No. 1058805- 000

Dear Requester:

      The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:



| Section 552 | | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☒(b)(7)(D) | ☐(k)(2) |
| _____ | ☒(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☒(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

206 **page(s)** were reviewed and 206 **page(s)** are being released.

☐  Document(s) were located which originated with, or contained information concerning other
    Government agency(ies) [OGA]. This information has been:

      ☐  referred to the OGA for review and direct response to you.

      ☐  referred to the OGA for consultation. The FBI will correspond with you regarding this
        information when the consultation is finished.

☐ You have the right to appeal any denials in this release. Appeals should be directed in
writing to the Director, Office of Information and Privacy, U.S. Department of Justice,1425
New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the
date of this letter. The envelope and the letter should be clearly marked "Freedom of Information
Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it
may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was
the focus of the investigation. Our search located additional references, in files relating to other
individuals, or matters, which may or may not be about your subject(s). Our experience has shown,
when ident, references usually contain information similar to the information processed in the main file(s).
Because of our significant backlog, we have given priority to processing only the main investigative file(s).

If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)

The enclosed documents represent the third of a series of interim releases that will be made with regard to your request pertaining to the Investigative Data Warehouse.

For your information, some of the enclosed pages contain information about other subject matters. We consider this information "out side the scope" of your request, and have redacted the information and marked it "o/s".