## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>Plaintiff,<br>vs.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | ) )<br>)<br>)<br>)<br>)<br>)    Civil Action No. 06-cv-1773 (RBW)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S STATUS REPORT

This action relates to two Freedom of Information Act (FOIA) requests submitted by the plaintiff, Electronic Frontier Foundation (EFF), seeking disclosure of records pertaining to the Federal Bureau of Investigation (FBI)'s Investigative Data Warehouse (IDW), a law enforcement database "that holds hundreds of millions of records containing personal information." See Compl. for Injunctive Relief ¶¶ 11–18 (dkt. no. 1); Answer ¶¶ 11–18 (dkt. no. 3); Defs.' Supplemental Answer (dkt. no. 5). The Court entered orders on September 27, 2007, and March 28, 2008, requiring the defendant, the Department of Justice, to submit reports at 120-day intervals to advise the Court and the plaintiff of the defendant's progress in responding to the plaintiff's FOIA requests. See Order Denying Mot. for Prelim. Inj. (Sept. 27, 2007) (dkt. no. 16) at 11; Order (Mar. 28, 2008) (dkt. no. 18) at 1–2. Defendant Department of Justice submits this status report in accordance with the Court's orders.

Since the filing of the defendant's last status report on January 25, 2008, Defs.' Status Report (dkt. no. 17), the FBI has made significant progress in the processing of the plaintiff's FOIA requests. The defendant's April 2, 2007, Motion for Open America Stay (dkt. no. 7) requested that the Court stay this litigation until February 28, 2013, based on the large volume of

documents that the FBI identified as potentially responsive to the plaintiff's FOIA requests.  <u>See</u> Mem. of P. & A. in Supp. of Mot. for Open America Stay (dkt. no. 7) at 1–2.  At that time, the FBI noted that it was working diligently to process the plaintiff's FOIA requests and expected that continued review would eliminate a significant volume of documents not responsive to the plaintiff's FOIA requests, thus significantly reducing the total time required to complete processing, though the FBI was not able at the time to estimate the savings in processing time. <u>See</u> Mem. of P. & A. in Supp. of Mot. for Open America Stay (dkt. no. 7) at 2.  Since the filing of the defendant's last status report, the FBI has completed this initial scoping review process and, as anticipated, was able to eliminate a significant volume of nonresponsive documents.  <u>See</u> Fourth Decl. of David M. Hardy (attached as Exhibit A) ¶ 15.  The FBI now anticipates that it will be able to complete processing of the plaintiff's FOIA requests by June 9, 2008.

    Since the filing of the defendant's last status report, the FBI has made two interim releases of documents, on April 8, 2008, and May 8, 2008.  Decl. ¶¶ 10–11.  These two interim releases together accounted for a total of 343 pages of documents reviewed and 332 pages of documents released to EFF.  Decl. ¶¶ 10–11.  The FBI will make a sixth release, or inform the plaintiff that responsive documents are not being released because they are exempt from FOIA, on or before June 9, 2008.  <u>See</u> Decl. ¶ 16.  The FBI anticipates that upon this sixth release, the plaintiff's FOIA requests will have been completed, and all releasable information will have been made available to the plaintiff.  <u>See</u> Decl. ¶ 16.

Dated: May 27, 2008                    Respectfully submitted,

                                       GREGORY G. KATSAS
                                       Acting Assistant Attorney General

                                       JEFFREY A. TAYLOR
                                       United States Attorney

                                       ELIZABETH J. SHAPIRO
                                       Assistant Branch Director

                                       /s/ JAMES C. LUH
                                       JAMES C. LUH
                                       Trial Attorney
                                       United States Department of Justice
                                       Civil Division, Federal Programs Branch
                                       20 Massachusetts Ave NW
                                       Washington DC 20530
                                       Tel: (202) 514-4938
                                       Fax: (202) 616-8460
                                       E-mail: James.Luh@usdoj.gov
                                       Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELECTRONIC FRONTIER FOUNDATION, )
)
Plaintiff, )
)
v. ) Civil Action No. 1:06-cv-01773-RBW
)
DEPARTMENT OF JUSTICE, )
)
Defendant. )
)

## FOURTH DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at the Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to joining the FBI, from May 1, 2001 to July 21, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the state of Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 190 employees who staff a total of ten (10) units and a field operational service center unit whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. My responsibilities also include the review of FBI information for classification purposes as mandated by Executive Order 12958, as

amended,[1] and the preparation of affidavits/declarations in support of Exemption 1 claims

asserted under the FOIA.[2] I have been designated by the Attorney General of the United States as

an original classification authority and a declassification authority pursuant to Executive Order

12958, as amended, §§ 1.3 and 3.1. The statements contained in this declaration are based upon

my personal knowledge, upon information provided to me in my official capacity, and upon

conclusions and determinations reached and made in accordance therewith.

(3)    Due to the nature of my official duties, I am familiar with the procedures followed

by the FBI in responding to requests for information from its files pursuant to the provisions of

the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am

aware of the treatment which has been afforded the FOIA requests of plaintiff, the Electronic

Frontier Foundation ("EFF"), for specific types of FBI documents related to the FBI's

Investigative Data Warehouse ("IDW"), a database of 659 million records, including terrorist

watch lists, intelligence cables and financial transactions, that is culled from more than 50

government agency sources in addition to the FBI.[3]

(4)    I am also familiar with the Order of the Court dated September 27, 2007, which

denied plaintiff's Motion for Preliminary Injunction and ordered that the defendant will advise

the Court and plaintiff at 120-day intervals of the progress it is making in responding to plaintiff's

FOIA requests.

(5)    In addition, I am familiar with the Order of the Court dated March 28, 2008, which

granted Defendant's Motion for a Stay of Proceedings for fifty-eight (58) months, or until

---

[1] 60 Fed. Reg. 19825 (1995) and 69 Fed. Reg. 15315 (2003).

[2] 5 U.S.C. § 552 (b)(1).

[3] It should be noted that plaintiff's initial FOIA request dated August 25, 2006, for specific documents concerning the IDW and plaintiff's second FOIA request dated September 1, 2006, for additional specific documents concerning the IDW were combined into one FOIA request, which has been assigned FOIPA Request Number 1058805-000.

-2-

February, 2013, and ordered that the defendant shall process plaintiff's FOIA requests as expeditiously as possible, make interim releases of responsive documents to plaintiff every thirty (30) days, and file periodic status reports of its progress on completing plaintiff's FOIA requests with the Court at one hundred and twenty (120) day intervals.

(6)    This fourth declaration supplements, and hereby incorporates, my previous declaration submitted in this case dated March 28, 2007 ("First Hardy Declaration"), which provided the Court and plaintiff with an overview of the FBI's RIDS and the existing backlog of FOIA/PA requests and pending FOIA/PA litigation, an explanation of the FBI's Central Records System ("CRS"), a chronology of plaintiff's FOIA requests, a description of the search for and voluminous number of records potentially responsive to plaintiff's FOIA requests, and an explanation for the delays associated with the FBI's processing of plaintiff's FOIA requests. In addition, the First Hardy Declaration was submitted to the Court in support of a stay of proceedings for approximately 71 months (three months for the case to rise to the top of the backlog queue and 68 months for processing) or no later than February 28, 2013, to allow the FBI to complete the processing and release of documents responsive to plaintiff's requests. This estimated length of time to complete the processing of plaintiff's FOIA request was based on the volume of approximately 72,000 pages that the FBI had identified as potentially responsive as of March 28, 2007.

(7)    This fourth declaration also supplements, and hereby incorporates, my previous declaration submitted in this case dated September 4, 2007 ("Second Hardy Declaration"), which provided the Court and plaintiff with information concerning the granting of plaintiff's request for expedited treatment of its FOIA requests by the Department of Justice ("DOJ"), Office of Public Affairs ("OPA"), the current status of the review of documents potentially responsive to plaintiff's FOIA requests, the current status of the processing of documents which had been determined to be responsive to plaintiff's FOIA requests, and information concerning personnel

-3-

shortages in RIDS and other pending FOIA litigation which could cause delays in the processing of plaintiff's FOIA requests.

(8)     This fourth declaration also supplements, and hereby incorporates, my previous declaration submitted in this case dated January 25, 2008 ("Third Hardy Declaration"), which provided the Court and plaintiff with information concerning the three releases of responsive documents made to plaintiff since September 4, 2007, the status of the ongoing review of documents potentially responsive to plaintiff's FOIA requests, the status of the classification review and FOIA processing of documents which had been identified as responsive to plaintiff's FOIA requests, and information concerning personnel shortages in RIDS and other pending FOIA litigation which could cause delays in the processing of plaintiff's FOIA requests.

(9)     The purpose of this fourth declaration is to provide the Court and plaintiff with information concerning the two releases of responsive documents made to plaintiff since January 25, 2008, the results of the now-completed review of records that are potentially responsive to plaintiff's FOIA requests, and the current status of the classification review and FOIA processing of the remaining records which have been identified as responsive to plaintiff's FOIA requests.

## THE TWO RELEASES OF DOCUMENTS RESPONSIVE TO PLAINTIFF'S FOIA REQUESTS

(10)    By letter dated April 8, 2008, addressed to plaintiff's attorney Marcia Hofmann, FBIHQ advised that 184 pages of documents had been reviewed and 173 pages of documents were being released to plaintiff as an enclosure to the letter.  Plaintiff was also advised that certain information in these documents was exempt from disclosure pursuant to FOIA Exemptions (b)(2), (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E).  In addition, plaintiff was advised that certain information in these documents was determined to be "outside the scope" of the specific types of information requested by the plaintiff and that such information had been redacted and marked accordingly.  Plaintiff was also advised that 1,076 pages had actually been reviewed, but

-4-

that 888 pages of this material had been determined to be not responsive to its FOIA requests. Finally, plaintiff was advised that the enclosed documents represented the fourth of a series of interim releases to be made to plaintiff in response to its FOIA requests concerning the IDW. (See Exhibit A).

(11)    By letter dated May 8, 2008, addressed to Marcia Hofmann, FBIHQ advised that 159 pages of documents had been reviewed and 159 pages of documents were being released to plaintiff as an enclosure to the letter. Plaintiff was also advised that certain information in these documents was exempt from disclosure pursuant to FOIA Exemptions (b)(2), (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(E). In addition, plaintiff was advised that certain information in these documents was determined to be "outside the scope" of the specific types of information requested by the plaintiff and that such information had been redacted and marked accordingly. Plaintiff was also advised that 8,982 pages had actually been reviewed, but that 8,823 pages of this material had been determined to be not responsive to its FOIA requests. Finally, plaintiff was advised that the enclosed documents represented the fifth of a series of interim releases to be made to plaintiff in response to its FOIA requests concerning the IDW. (See Exhibit B).

### THE RESULTS OF THE NOW- COMPLETED SCOPING REVIEW OF DOCUMENTS POTENTIALLY RESPONSIVE TO PLAINTIFF'S FOIA REQUESTS

(12)    As described in Paragraphs 35 through 38 of the First Hardy Declaration, the FBI conducted a wide-ranging search for FBIHQ records which could potentially contain information which is responsive to the specific categories of records sought by plaintiff. As a result of these search efforts, a total of approximately 72,000 pages of potentially responsive records were located and forwarded to RIDS personnel. As of the date of the First Hardy Declaration and continuing since that date, RIDS personnel in the Litigation Support Unit ("LSU") have been reviewing this enormous volume of potentially responsive records in order to determine whether or not the submitted records are within the scope of plaintiff's FOIA request. (See First Hardy

**Declaration, ¶¶ 35-38.)**

(13)    As described in Paragraphs 13 and 14 of the Second Hardy Declaration, as of September 4, 2007, these RIDS personnel had reviewed 21,000 out of the total of 72,000 pages of potentially responsive documents to determine which records were within the scope of plaintiff's FOIA requests. This review identified approximately 750 pages of documents which were responsive to plaintiff's FOIA requests, as well as eliminated approximately 20,250 pages of non-responsive documents. Additionally, it was anticipated at that time that the scoping review of the remaining potentially responsive documents would be completed within three months, or approximately by the first half of December, 2007. **(See Second Hardy Declaration, ¶¶ 13 and 14.)**

(14)    As described in Paragraphs 14 and 15 of the Third Hardy Declaration, as of January 25, 2008, these RIDS personnel had reviewed 22,072 out of the total of 72,000 pages of potentially responsive documents to determine which records were within the scope of plaintiff's FOIA requests. This review identified approximately 943 pages of documents which were responsive to plaintiff's FOIA requests, as well as eliminated approximately 21,129 pages of non-responsive documents, leaving approximately 49,928 pages of potentially responsive documents remaining to be reviewed by RIDS personnel. **(See Third Hardy Declaration, ¶¶ 14 and 15.)**

(15)    Since January 25, 2008, RIDS personnel have been able to complete the scoping review of the remaining 49,928 pages of potentially responsive documents and also processed 343 responsive pages and released 332 of these pages to plaintiff in two interim releases. The now-completed scoping review has identified an additional seventeen (17) pages of responsive documents to be reviewed and eliminated the remaining documents as not responsive to plaintiff's FOIA requests. It should be noted that nearly all of the records reviewed since January 25, 2008, consisted of technical information regarding computer software and hardware

to be utilized in the configuration of the IDW as opposed to information concerning the contents

of the IDW or otherwise falling within the scope of plaintiff's FOIA requests.

## THE CURRENT STATUS OF THE PROCESSING OF THE REMAINING DOCUMENTS RESPONSIVE TO PLAINTIFF'S FOIA REQUESTS AND THE COMPLETION OF PLAINTIFF'S FOIA REQUESTS

(16)    The seventeen pages of responsive documents identified by the now-completed

scoping review are currently undergoing classification review prior to being processed for release

to plaintiff pursuant to the provisions of the FOIA.  The FBI intends to release documents to the

plaintiff, or inform the plaintiff that documents are not being released because they are exempt

from disclosure, on June 9, 2008, in accordance with the Court's order requiring releases at 30-

day intervals.  At that time, the FBI expects that plaintiff's FOIA requests will have been

completed with all releasable information made available to plaintiff.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct, and that Exhibits A and B attached hereto are true and correct copies.

Executed this _23rd_ day of May, 2008.


DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

# Exhibit A



U.S. Department of Justice

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

MARCIA HOFMANN ESQ
ELECTRONIC FRONTIER FOUNDATION
454 SHOTWELL STREET
SAN FRANCISCO, CA 94110

April 8, 2008

Subject: INVESTIGATIVE DATA WAREHOUSE

FOIPA No. 1058805- 000

Dear Ms. Hofmann:

    The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☒(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☒(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

184 **page(s)** were reviewed and 173 **page(s)** are being released.

☐  Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

☐  referred to the OGA for review and direct response to you.

☐  referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information and Privacy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s).

If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☑ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)

The enclosed documents represent the fourth of a series of interim releases that will be made with regard to your request pertaining to the Investigative Data Warehouse.

For your information, some of the enclosed pages contain information about other subject matters. We consider this information "outside the scope" of your request, and have redacted the information and marked it as "Outside the Scope".

The first page of this correspondence reflects that 184 pages were reviewed for this release. There were actually 1076 pages reviewed, however a further review determined that 888 pages of this material are not responsive to this request.

# Exhibit B



U.S. Department of Justice

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

MARCIA HOFMANN ESQ
ELECTRONIC FRONTIER FOUNDATION                              May 8, 2998
454 SHOTWELL STREET
SAN FRANCISCO, CA 94110

Subject: INVESTIGATIVE DATA WAREHOUSE

FOIPA No. 1058805- 000

Dear Ms. Hofmann:

     The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| **Section 552** | | **Section 552a** |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☒(b)(7)(D) | ☐(k)(2) |
| _____ | ☒(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

159 **page(s)** were reviewed and 159 **page(s)** are being released.

☐  Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

    ☐  referred to the OGA for review and direct response to you.

    ☐  referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information and Privacy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident. references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s).

If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)

      The enclosed documents represent the fifth of a series of interim releases that will be made with regard to your request pertaining to the Investigative Data Warehouse.

      For your information, some of the enclosed pages contain information about other subject matters. We consider this information "Outside the Scope" of your request, and have redacted the information and marked it as "Outside the Scope."

      The first page of this correspondence reflects that 159 pages were reviewed for this release. There were actually 8982 pages reviewed, however a further review determined that 8823 pages of this material are not responsive to the request.